UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| MARVIN CALVIN SMITH, | ) |
| --- | --- |
| Plaintiff, | ) |
| | ) No. 3:10 CV 231 |
| v. | ) |
| RONALD SZYMAREK, | ) |
| Defendant. | ) |

## OPINION AND ORDER

Marvin Calvin Smith, a *pro se* prisoner, filed a complaint under 42 U.S.C. § 1983. (DE # 2.) "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. Courts apply the same standard under Section 1915A as when addressing a motion to dismiss under RULE 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006).

To survive dismissal, a complaint must state a claim for relief that is plausible on its face. *Bissessur v. Ind. Univ. Bd. of Trs.*, 581 F.3d 599, 602-03 (7th Cir. 2009). "A claim

has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 603. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege: "(1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

Here, Smith's complaint is quite difficult to decipher, but giving the document liberal construction, Smith alleges that in August 2009, a dispute arose between himself and Officer Ronald L. Szymarek, a former guard at the St. Joseph County Jail, when Smith was served a "hot pocket" for dinner. Smith claims that the hot pocket contained cheese, and that he cannot eat cheese for health reasons. He states that he told Officer Szymarek as much, but Officer Szymarek declined to get him any other food to eat. Some time later, Officer Szymarek entered Smith's cell to collect his tray. Smith alleges that it was a violation of jail policy for Officer Szymarek to enter his cell alone without assistance from other guards, because Smith had been designated by the jail as an inmate requiring "extreme caution." (DE # 2 at 4.) Smith alleges that upon seeing Officer Szymarek enter his cell alone in what he perceived to be a violation of jail policy, he felt the need to "defend" himself. (*Id.* at 5.) Although it is not entirely clear from the complaint, it appears that Officer Szymarek was injured during this incident and that charges were subsequently brought against Smith. The crux of Smith's complaint is that Officer Szymarek "lied to the jury" on May 13, 2010, when he testified against Smith. (*Id.*; *see also* DE # 1 at 1.)

To the extent Smith's claim is premised on Officer Szymarek's testimony at a trial, the testimony of a witness is protected by absolute witness immunity, even if the witness allegedly committed perjury. *See Briscoe v. LaHue*, 460 U.S. 325 (1983). Thus, Officer Szymarek cannot be sued on this ground.

If Smith is attempting to sue over being served a hot pocket that he could not eat, he has not stated a claim for relief. The Eighth Amendment guarantees inmates the "minimal civilized measure of life's necessities," *Townsend v. Fuchs*, 522 F.3d 765, 773 (7th Cir. 2008), including a diet with adequate nutrition. *Mays v. Springborn*, 575 F.3d 643, 648 (7th Cir. 2009). However, being served inadequate food for one meal falls far short of the type of serious deprivation that would amount to an Eighth Amendment violation. *Ingraham v. Wright*, 430 U.S. 651, 674 (1977) ("There is, of course, a *de minimis* level of imposition with which the Constitution is not concerned."); *compare Antonelli v. Sheahan*, 81 F.3d 1422, 1432 (7th Cir. 1996) (inmate stated Eighth Amendment claim where he alleged that prison regularly served him a nutritionally deficient diet).

For the foregoing reasons, the complaint is **DISMISSED** pursuant to 28 U.S.C. § 1915A.

**SO ORDERED.**

Date: June 23, 2010

s/James T. Moody_____
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT